IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMINE A. LAURO, SR. | : | CIVIL ACTION |
|     Petitioner, | : | |
| v. | : | |
| | : | |
| GEORGE A. PATRICK, et al. | : | NO. 04-4102 |
|     Respondents. | : | |

## MEMORANDUM

**Baylson, J.**                                                                                               **December 29, 2005**

### I.     Introduction

Petitioner Carmine A. Lauro, Sr. ("Petitioner" or "Lauro") filed a *pro se* Petition for Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 on August 30, 2004 and a Motion to Stay Proceedings on September 13, 2004. This Court referred the case to Chief Magistrate Judge M. Faith Angell ("the Magistrate Judge") on September 20, 2004. The case was then placed in suspense. On June 17, 2005, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 13) pursuant to 28 U.S.C. § 636(b)(1)(C) suggesting that this Court dismiss the petition as time barred under 28 U.S.C. § 2244(d)(1) and deny the Motion to Stay Proceedings. Petitioner filed Objections on July 1, 2005. Upon independent and thorough consideration of the record and all filings in this Court, Petitioner's objections are overruled and the recommendations by the Magistrate Judge are accepted.

### II.    Background and Procedural History

Following a jury trial in the Court of Common Pleas of Delaware County, Pennsylvania, Lauro was convicted of multiple counts of rape and related offenses. He filed a direct appeal to

the Superior Court of Pennsylvania and his judgment of sentence was affirmed by that court in a Memorandum Opinion and Judgment Order dated December 6, 1999.  See Commonwealth v. Lauro, 750 A.2d 370 (Pa. Super. Ct. 1999).  No petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed.  Lauro is currently incarcerated at the State Correctional Institution Houtzdale, Pennsylvania, where he is serving an aggregate sentence of twenty-five and a half to eighty years imprisonment.

In his federal habeas petition, Lauro asserted the following grounds: (1) that he was convicted in violation of his privilege against self-incrimination; and (2) that trial counsel was ineffective for failing to recall witnesses after their original testimony was contradicted and that appellate counsel was ineffective for failing to raise relevant issues.  Pet. at 9–10, Rider at 5–6.

On December 15, 2004, the Respondents answered Lauro's habeas petition, arguing: (1) that it should be dismissed for untimeliness; (2) that ground one of the petition and portions of the claims in ground two have been procedurally defaulted and should not be reviewed; and (3) that Petitioner's claims, even if reviewed, should be rejected on the merits.

**III.    Summary of Magistrate Judge's Report and Recommendation and Petitioner's Objections**

The Magistrate Judge concluded in the R&R that this habeas corpus petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).  R&R at 11.  Specifically, the R&R concludes that Petitioner's writ of habeas corpus is time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), since he failed to file his petition within one year from the date on which his judgment of conviction became final.  The AEDPA amendments allow for tolling of the one-year statute of limitations for the "time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent claim is pending" 28 U.S.C § 2244(d)(2).  The Magistrate Judge determined that Petitioner's state conviction became final on January 6, 2000 and that he did not file his first Pennsylvania Post-Conviction Relief Act ("PCRA") petition until November 27, 2000, thus using 326 days of his one-year statutory period.  R&R at 10.  Petitioner's statutory period again began to run on August 25, 2003, one day after allocatur review of his PCRA petition was denied by the Pennsylvania Supreme Court.  Id.  Petitioner's statutory period statutory period expired on or about October 3, 2003 and his federal habeas petition, filed August 23, 2004, was over ten months beyond the statutory deadline.  Id.  As for the doctrine of equitable tolling, the R&R determined that the Petitioner had not alleged, and the record did not support, a finding that the case presents the "rare situation" requiring equitable tolling of the statute.

In his objections to the R&R, Petitioner argues that the conclusion therein is based in part on the erroneous assumption that Petitioner did not file a notice of appeal from the order dismissing his second PCRA petition.  He contends that though he did file a timely notice of appeal on May 6, 2005, the Pennsylvania Superior Court subsequently informed him that no notice of appeal had been forwarded.  Pet's Objections at 2.  Petitioner argues that only by filing a third PCRA petition alleging governmental interference with his right to appeal could he have his "Pennsylvania constitutional right of appeal restored."  Id.  Petitioner asserts that the state courts should have an opportunity to address the merits of his PCRA appeal before the habeas corpus petition is dismissed.[1]  Id. at 3.

---

[1] In a letter dated November 8, 2005, Petitioner states that the state courts have not yet disposed of his "third PCRA petition" (which is, in actuality, an appeal of the denial of his second PCRA petition). Petitioner therefore requests that this Court stay his pending habeas corpus petition while his notice of

**IV.Discussion**

      Though Petitioner makes various arguments concerning his second PCRA petition, whether or not a notice of appeal was or was not timely filed in state court has no bearing on the timeliness of the instant federal habeas petition.  Petitioner thus presents no basis for a stay of the federal proceedings while the appeal of the denial of his second PCRA petition is still pending.  Similarly, Petitioner has failed to allege any grounds for equitable tolling in this case nor does the record support the invocation of that doctrine.  Therefore, for the reasons stated by Chief Magistrate Judge Angell, both the Petition for Writ of Habeas Corpus and the Motion to Stay Proceedings will be dismissed.

      An appropriate Order follows.

---

appeal remains pending in the state courts.  Petitioner's second PCRA petition was dismissed on April 7, 2005 on the basis that it was untimely and without merit.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG SAUNDERS | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 04-4102 |
| JEFFREY A. Beard, et al. | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 29th day of December, 2005, upon careful and independent consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, Chief United States Magistrate Judge, it is hereby ORDERED as follows:

1. The case is removed from the suspense docket.

2. The Report and Recommendation is APPROVED AND ADOPTED.

3. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice, as time barred, under 28 U.S.C. § 2244(d)(1).

4. Petitioner's Motion to Stay Proceedings (Doc. No. 2) is DENIED.

5. The Clerk shall close this case.

6. A certificate of appealability is DENIED.

BY THE COURT:

s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\04-4102 Lauro v. Patrick\Lauro v. Patrick - Habeas Order.wpd