IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMINE A. LAURO, SR.              :    CIVIL ACTION
              Petitioner,          :
  v.                               :
                               :
GEORGE A. PATRICK, et al.          :    NO. 04-4102
              Respondents.        :

## MEMORANDUM

**Baylson, J.**                                                              **March 15, 2006**

      In a December 29, 2005 Memorandum and Order, 2005 WL 3557832, this Court denied *pro se* Petitioner Carmine Lauro's habeas corpus petition as time barred under 28 U.S.C. § 2244(d)(1). The Petitioner then filed a Motion for Reconsideration, which the Court addressed in an April 26, 2006 Memorandum and Order, 2006 WL 117953. After considering the Petitioner's arguments, the Court concluded that it did not appear that the Petitioner was entitled to any relief. However, because the Petitioner's appeal from the denial of his second PCRA petition was pending before the Superior Court of Pennsylvania, out of "an abundance of caution," the Court decided to withhold judgment temporarily and to place the case in suspense until the Superior Court reached a decision on Petitioner's appeal.

      While awaiting that decision from the Superior Court, Petitioner filed a "Rule 60(b) Motion for Relief from Order Dismissing Petition for Writ of Habeas Corpus" with this Court. The Court denied the motion without prejudice in an Order dated October 25, 2006, noting the case was in suspense pending a decision on Petitioner's appeal. On November 29, 2006, the Superior Court issued a decision on Petitioner's second PCRA petition, Commonwealth v.

1

Dockets.Justia.com

Lauro, 915 A.2d 145 (Pa. Super. Ct. 2006) (unpublished memorandum), affirming the denial of the petition as untimely under the applicable state statute, 42 Pa. C.S.A. § 9545(b).

Presently before this Court are two outstanding motions, Petitioner's Motion for Reconsideration of the Court's December 29, 2005 decision (Doc. No. 16) and Petitioner's Rule 60(b) Motion (Doc. No. 23). For the reasons outlined below, both of these motions will be denied.

I.  **Motion for Reconsideration**

The Court's April 26, 2006 Memorandum thoroughly addressed the merits of Petitioner's Motion for Reconsideration. As discussed in footnote one of that opinion, although the one-year statute of limitations for federal habeas petitions is tolled during the time a properly filed PCRA petition is pending in the state courts, see 28 U.S.C. § 2244(d)(2), in this case, Petitioner's second PCRA petition, filed August 25, 2004, did not toll the statute of limitations because it was filed after the PCRA statute of limitations expired on January 5, 2001. Although Petitioner attempted to invoke the exceptions to the one-year filing deadline for PCRA petitions, see 42 Pa. Cons. Stat. § 9545(b)(1)(i)–(iii), the Superior Court's recent decision rejected those arguments. Because the state court has ruled that the Petitioner's second PCRA petition was not timely filed and did not meet one of the statutory exceptions for timeliness, it was not "properly filed" for purposes of AEDPA and did not toll the one-year AEDPA statute of limitations. See Pridgen v. Shannon, 380 F.3d 721, 728-29 (3d Cir. 2004).[1] Furthermore, for the reasons laid out in this

---

[1] Alternatively, even if the Superior Court had not issued its decision, the federal petition would still be untimely. Since the second PCRA petition was filed on August 25, 2004, two days after the federal petition, even if the Superior Court had overruled the Common Pleas Court and decided that the second PCRA petition was somehow timely, it appears that there would be no statutory tolling of the federal habeas petition under 28 U.S.C. § 2244(d)(2). The federal petition

Court's April 26, 2006 Memorandum, the Petitioner's federal habeas petition is not subject to equitable tolling. Petitioner's Motion for Reconsideration will be denied.

## II.     Rule 60(b) Motion

Petitioner renewed his 60(b) Motion shortly after the Superior Court issued its decision. Petitioner asserts in his cover letter to this renewed motion that, "[n]o appeal to the Pa. Supreme Court will be taken while this 60(b) Motion is pending in this Court. Should this Court rule favorably, there would be no need to file an appeal with the Pa. Supreme Court." The Petitioner had thirty days to appeal the Superior Court's November 29, 2006 decision to the Supreme Court of Pennsylvania. See Pa. R. App. P. 1113. Although his cover letter implies that he may seek to appeal if this Court does not issue a favorable determination, the Petitioner has already exhausted his state court remedies, giving this Court jurisdiction to rule conclusively on his federal habeas petition. See 30 Pa. Bull. 2582 (May 27, 2000) ("When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.").

In his Rule 60(b) Motion, Petitioner argues that his state court conviction is not yet final. Petitioner contends that his direct appeal was never perfected because his appellate counsel failed to file a statement with the trial court as required under Pa. R. App. P. 1925 outlining the issues Petitioner planned to raise on appeal, and therefore it was an abuse of discretion for the Superior Court to consider the merits of his appeal. According to Petitioner, he complained of this issue

---

was untimely when it was filed, and any tolling that would occur due to the pending second PCRA petition would be irrelevant because the time remaining on the AEDPA statute of limitations had already expired.

in his first PCRA petition, but his counsel "inexplicably" failed to call his direct appeal counsel to testify at the evidentiary hearing on the petition, and the PCRA court would not allow any testimony on this issue. Petitioner asserts that the PCRA court committed an error of law when it failed to consider the appellate rights issue raised in his first PCRA petition.

Because of these actions, Petitioner argues that his right to appeal under the Pennsylvania constitution, his right to effective counsel under the Sixth Amendment, and his due process rights under the Sixth and Fourteenth Amendments have been violated. He concludes: "This Honorable Court's decision dated Dec. 29, 2005 must be held VOID due to the State Court depriving petitioner [of] his Direct Appeal as of Right, and his right to effective counsel at direct appeal and first timely PCRA stages, thereby restricting this Court's jurisdiction pursuant to 28 U.S.[C.] § 2254(a)(b)."

As an initial matter, the Court concludes that the ineffective assistance of counsel arguments raised in Petitioner's 60(b) motion constitute "claims[s] presented in a second or successive habeas corpus application." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Because the motion "substantively addresses federal grounds for setting aside the movant's state conviction," id. at 533, the Court will dismiss the ineffective assistance claims in Petitioner's Rule 60(b) motion as an attempt to file a second or successive habeas petition in contravention of AEDPA.

Furthermore, Petitioner's argument that his direct appeal conviction is not yet final is an unsuccessful attempt to fit his case into the narrow exception to the "second and successive" AEDPA rule for Rule 60(b) motions. The Third Circuit has held that the AEDPA restriction on second and successive habeas petitions does not apply to a Rule 60(b) motion that "attacks the

manner in which the earlier habeas judgment was procured and not the underlying conviction." Prigden, 380 F.3d at 727.  For example, a federal court's lack of subject matter jurisdiction over a habeas petition is an appropriate issue to raise in a Rule 60(b) motion and does not constitute a "claim" for purposes of AEDPA's "second and successive" restriction.  Gonzalez, 545 U.S. at 534.

      In this case, the Petitioner's conviction was directly appealed to the Superior Court of Pennsylvania, and that court issued a decision on the merits of his appeal.  According to the pages of the Superior Court opinion Petitioner attaches to his motion, the court specifically noted that his appellate counsel had failed to file the required Rule 1925 statement.  However, the court went on to reason that, although that failure would normally function as a waiver of those claims on appellate review, "[i]n the interest of judicial economy . . . and rather than expend valuable judicial time on a subsequent PCRA, we will address the merits of the appellant's issues."  Lauro did not seek discretionary review of that decision in the Pennsylvania Supreme Court.  Petitioner's reliance on Commonwealth v. Bronaugh, 670 A.2d 147 (Pa. Super. Ct. 1995), is therefore misplaced.  In that case, the petitioner's sentence was never directly appealed, although he claimed that he expressly asked his counsel to do so.  Id. at 148-49.  In light of the Superior Court decision addressing the merits of Lauro's conviction, Petitioner's argument that he was denied the right to a direct appeal and has not exhausted his state court remedies is meritless.

      Since Petitioner fails to raise any genuine issues in his motion relating to a "nonmerits aspect of the first federal habeas proceeding," id. at 534, the Rule 60(b) motion can be denied in its entirety.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMINE A. LAURO | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| 5. | : | |
| | : | NO. 04-4102 |
| GEORGE A. PATRICK, et al. | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 15th day of March, 2007, for the reasons stated in the forgoing Memorandum, it is hereby ORDERED as follows:

1. Petitioner's Motion for Reconsideration (Doc. No. 16) is DENIED;

2. Petitioner's Rule 60(b) Motion (Doc. No. 23) is DENIED;

3. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Lauro v. Patrick, 04-4102 Reconsideration & 60(b).wpd